UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ADAM CHRISTOPHER WILSON
and SHANA CIERA-LYNN WILSON,                United States District Court
                                            Case No. 22-12330
                    Debtors,                Judge Paul D. Borman
_____/

CHARLES THOMPKINS and
LATASHA S. WARD,

              Plaintiffs/Appellants,        Bankr. Case No. 21-40847-mlo
                                            Chapter 7
v.                                          Judge Maria L. Oxholm

DOUGLAS S. ELLMANN, TRUSTEE,                Adv. Pro. No. 21-04114-mlo

                    Defendant/Appellee.
_____/

**OPINION AND ORDER**
**(1) AFFIRMING THE BANKRUPTCY COURT'S SEPTEMBER 26, 2022,**
**JUDGMENT AS TO APPELLANT LATASHA S. WARD, AND**
**(2) STAYING APPELLANT CHARLES THOMPKINS' APPEAL**
**PENDING RULING BY THE BANKRUPTCY COURT ON**
**TRUSTEE'S ADVERSARY COMPLAINT IN CASE NO. 23-04108-lsg**

Shana Ciera-Lynn Wilson, f/k/a Shana Hardy, and her husband, Adam

Wilson, filed a voluntary Chapter 7 bankruptcy petition in January, 2021. Douglas

S. Ellmann is the Bankruptcy Trustee assigned to that case. Ms. Wilson's schedule

of assets and liabilities included Ms. Wilson's joint interest (with Charles

Thompkins) in real property located at 14012 Fairmont Drive, Detroit. The Trustee

learned that Appellant Charles Thompkins claimed sole ownership of the Fairmont Drive property through a quit claim deed dated April 8, 2021, purportedly executed by Ms. Wilson. The Trustee then commenced an adversary proceeding in the Bankruptcy Court on May 11, 2021 (the "Forgery Case") against Mr. Thompkins and notary public Latasha Ward, seeking the avoidance of the purported April 8, 2021, property transfer. The Bankruptcy Court found the 2021 Deed to be a forgery and entered a money judgment on September 26, 2022, against both Thompkins and Ward.

Appellants Thompkins and Ward now appeal that September 26, 2022, Judgment. This matter has been fully briefed. The Court does not believe that oral argument will aid in its disposition of the appeal; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

For the reasons set forth below, this Court affirms the Bankruptcy Court's September 26, 2022, Judgment as to Appellant Ward. However, this Court stays Appellant Thompkins' appeal and defers ruling until the Bankruptcy Trustee's separate adversary proceeding in the Bankruptcy Court regarding the dischargeability of the Judgment in Thompkins' Chapter 7 case has been resolved.

## I. BACKGROUND

On January 31, 2021, Shana Ciera-Lynn Wilson, f/k/a Shana Hardy ("Debtor" or "Ms. Wilson"), and her husband, Adam Wilson, filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Michigan, Case No. 21-40847 (the "2021 Chapter 7 Case"). Ms. Wilson's schedule of assets and liabilities lists as an asset a joint interest (with Charles Thompkins) in real property located at 14012 Fairmount Drive, Detroit (the "Fairmount Property"). Appellee Douglas S. Ellmann is the Trustee assigned to the 2021 Chapter 7 Case, and he has the duty to administer the property in the bankruptcy estate, including Ms. Wilson's interest in the Fairmount Property.

Ms. Wilson and Appellant Charles Thompkins acquired their interest in the Fairmount Property on April 12, 2012, by means of a covenant deed executed in their favor by Fannie Mae (the "Covenant Deed"), which conveyed title to Wilson and Thompkins as joint tenants with full rights of survivorship. (Case No. 21-04114-mlo ("Adversary Proceeding"), Doc. 1, Compl. ¶¶ 10-11 and Ex. 1 ("Covenant Deed").) The Trustee learned that Thompkins now claims sole ownership of the Fairmount Property through a quit claim deed dated April 8, 2021 (the "2021 Deed") and purportedly executed by Ms. Wilson. (*Id.* ¶ 21 and Ex. 2 ("2021 Deed").)

3

On May 11, 2021, the Trustee filed a complaint commencing an adversary proceeding against Appellants Charles Thompkins and Latasha S. Ward, a notary public who notarized the 2021 Deed. (Case No. 21-04114-mlo (the "Forgery Case").) The adversary complaint sought the avoidance of the purported property transfer represented by the 2021 Deed because (1) if Ms. Wilson had executed the 2021 Deed, it was an unauthorized post-petition transfer avoidable under 11 U.S.C. § 549, and (2) if the 2021 Deed was a forgery, it was ineffective.

Summonses were served upon Thompkins and Ward, but they failed to appear and timely plead or otherwise defend this case. Accordingly, on July 14, 2021, the Bankruptcy Court issued a default judgment against Thompkins and Ward, finding that the 2021 Deed is a forgery as to the purported signature of Ms. Wilson, and is null and void. (Case No. 21-04114, Doc. 14.) The default judgment further awarded costs, attorney fees, and expenses against both Thompkins and Ward, as well as punitive damages against Thompkins. (*Id.*)

After Thompkins and Ward subsequently appeared in the case and filed motions to vacate or set aside the default, the Bankruptcy Court held a hearing on the motions on November 4, 2021, and then ordered that same day that the default judgment be set aside as to Ward, but not as to Thompkins, "for the reasons stated on the record." (*Id.* Docs. 53, 54.)

4

The Trustee filed an amended adversary complaint on January 13, 2022, against Thompkins, Ward, Markeila Parker (Thompkins' then-fiancé), and NGM Insurance Company, a surety company that issued a surety bond on behalf of Ward in favor of the Michigan Department of State. (Case No. 21-04114, Doc. 74.) The amended complaint states that Counts I and II of the original adversary complaint are moot as a result of the Court's default judgment finding that the 2021 Deed is a forgery and null and void, and thus asserts the three remaining claims for notary liability, violation of the automatic stay, and slander of title (Counts III, IV, and V).

On February 2, 2022, Appellant Thompkins filed a response, objection, and counterclaim to the amended complaint. (Case No. 21-04114, Doc. 87.) Appellant Ward filed a response and objection to the amended complaint on February 15, 2022. (Doc. 93.) Markeila Parker filed a response, objection and counterclaim on February 14, 2022. (Doc. 89.) Thompkins' and Parkers' counterclaims allege that Ms. Wilson fraudulently represented to the Bankruptcy Court that she supplied money toward the purchase of the Fairmount Property, and that she failed to disclose to the Bankruptcy Court that she jointly owns a property (with her mother) at 11894 Riad

Street, Detroit, and that the Trustee should have administered that Riad Street property. (Doc. 87.)[1]

Bankruptcy Judge Maria L. Oxholm held a bench trial on August 23, 2022. (Case No. 21-04114, Docs. 139-41.)

On September 26, 2022, the Bankruptcy Court issued a bench opinion on the record, and then entered Judgment for the Trustee against Thompkins, Ward, and NGM Insurance. (Case No. 21-04114, Doc. 148, Judgment.) Judge Oxholm stated in the Judgment, that "for the reasons stated on the record," judgment was entered (1) in favor of the Trustee and against NGM Insurance Company in the amount of $10,000 (the surety bond); (2) in favor of the Trustee and against Thompkins and Ward, jointly and severally, in the amount of $17,429.35; and (3) in favor of the Trustee and against Thompkins in the amount of $1,000 as punitive damages. No judgment was entered against Markeila Parker, with the claims against her dismissed with prejudice. Defendants Thompkins' and Parker's counterclaims also were dismissed with prejudice.

---

[1] Defendant NGM Insurance Company filed a "Stipulation to Order for Payment by Surety of Certain Judgments, If Rendered Not to Exceed the Amount of $10,000 in the Aggregate." (Doc. 129.)

On September 30, 2022, Appellants Thompkins and Ward filed their Notice of Appeal of the Bankruptcy Court's September 26, 2022 Judgment in this Court. (ECF No. 1, Notice of Appeal.) Appellants filed their Joint Motion Submitting Statement of Issues and Items Pursuant to Bankruptcy Rule 8006 in the Bankruptcy Court on October 17, 2022, listing four issues on appeal:

(1) Is the bankruptcy court finding that the debtor [Ms. Wilson] did not sign the deed in front of the notary clearly erroneous without weighing all the evidence?

(2) Is the bankruptcy court finding that the Appellant Thompkins' counter complaint had no weight?

(3) Did the bankruptcy court error [sic] in not finding that the debtor and the trustee defrauded the estate by not disclosing property owned by the debtor until the appellant brought it to the attention of the bankruptcy court?

(4) Did the bankruptcy court abuse its discretion in denying Appellant Thompkins relief due to the fraudulent activity of the debtor in view of the totality of the circumstances in this case?

(Case No. 21-04114, Doc. 160.) In that Joint Motion, Appellants designated the following three items for the record on appeal: (1) Judgment dated 9/26/2022; (2) Defendants' Joint Post Trial Brief dated 9/13/2022; and (3) Quit Claim Deed for 11894 Riad Street, Detroit, MI 48224. (*Id.*)

On December 8, 2022, Appellants filed their Brief in support of their appeal in this Court, listing the same four issues on appeal as above. (ECF No. 8.) The

7

Trustee/Appellee filed its Response brief on appeal on January 3, 2023 (ECF No. 9), and Appellants filed their Reply brief on January 30, 2023. (ECF No. 10.)

## II. STANDARD OF REVIEW

"When reviewing a bankruptcy court's decision, a district court functions as an appellate court, and applies the standard of review generally applied in the federal courts of appeals." *United States v. Pastula* (*In re Pastula*), 227 B.R. 794, 795 (E.D. Mich. 1997) (internal citation omitted). As such, "the bankruptcy court's findings of fact are reviewed under the clear-error standard, and its conclusions of law are reviewed de novo." *B-Line, LLC v. Wingerter* (*In re Wingerter*), 594 F.3d 931, 935-36 (6th Cir. 2010). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mathews (In re Mathews),* 209 B.R. 218, 219 (B.A.P. 6th Cir. 1997) (quoting *Anderson v. City of Bessemer City,* 470 U.S. 564, 573 (1985)). Under a de novo standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination. *Treinish v. Norwest Bank Minn., N.A. (In re Periandri),* 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001).

## III.   ANALYSIS

### A. Thompkins' Appeal is Stayed

On December 9, 2022, one day after Appellants filed their Brief on appeal in this case, Appellant Thompkins filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Michigan, Case No. 22-49654. The Trustee asserts in its January 3, 2023, Appellee Brief that Thompkins' Chapter 7 filing acts as an automatic stay on his appeal to this Court pursuant to 11 U.S.C. § 362. *See Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60, 62 (6th Cir. 1983) (holding that "section 362 should be read to stay appeals in proceedings that were *originally brought* against the debtor, regardless of whether the debtor is the appellant or appellee.") (emphasis in original, citation omitted). The Trustee contends, however, that the stay does not extend to Appellant Ward. *See In re Delta Air Lines*, 310 F.3d 953, 956 (6th Cir. 2002) ("In the absence of unusual circumstances, the automatic stay does not halt proceedings against solvent codefendants.").

On January 19, 2023, the trustee in Thompkins' Chapter 7 case, Mark H. Shapiro, filed a notice of proposed abandonment with respect to the Fairmount Property "for the reason that the Real Property is burdensome and of inconsequential value." (Case No. 22-49654, Doc. 20.) The Notice provided that "unless a written

response is filed within 14 days from the date of the service of this notice, the Real Property will be deemed abandoned." (*Id.*) No response to the Notice was filed, and thus the Fairmount Property should be deemed abandoned in Thompkins' Chapter 7 case.

On March 8, 2023, the Trustee/Appellee in this case filed an adversary complaint related to Thompkins' Chapter 7 case, requesting that the Bankruptcy Court enter an order finding that the debt Thompkins owes to the Trustee as determined in the Judgment in the Forgery Case is not dischargeable pursuant to 11 U.S.C. § 523(a)(6). (Case No. 23-004108-lsg, Doc. 1.) The Trustee asserts that the Judgment in the Forgery Case is for "willful and malicious injury by Thompkins to the estate of Ms. Wilson or to the property of the estate of Ms. Wilson," and thus the Judgment is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6). (*Id.*) The Trustee filed a motion for summary judgment in that case on April 13, 2023, and Thompkins' response is due on or before May 25, 2023. (Doc. 17, Order.)

On March 22, 2023, the Bankruptcy Court in Thompkins' Chapter 7 case issued an Order of Discharge, granting Thompkins discharge under 11 U.S.C. § 727. (Case No. 22-49654, Doc. 40.) The Order provides that it "does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay

creditors," and that the "order means that no one may make any attempt to collect a discharged debt from the debtors personally." (*Id.*)

It is well established that an automatic stay is terminated upon the entry of the discharge in a Chapter 7 proceeding. *See In re Morris*, 430 B.R. 824, 829 (W.D. Tenn. 2010) ("The protections of the automatic stay continue throughout the pendency of a debtor's chapter 7 case until such time as the chapter 7 discharge is issued.") (citing 11 U.S.C. § 362(c)(2)(C)); *see also In re Raley*, No. 20-10482, 2021 WL 5095491, at * 2 (S.D. Ala. Nov. 2, 2021) (collecting cases). Upon discharge, the automatic stay is replaced with the permanent injunction contained in 11 U.S.C. § 524(a), which provides that a discharge "operates as an injunction against the commencement or continuation of an action … to collect, recover or offset any such debt as a personal liability of the debtor." *In re Morris*, 430 B.R. at 827-28 (quoting 11 U.S.C. § 524(a)(2)); *In re Rodgers*, 266 B.R. 834, 836 (W.D. Tenn. 2001). "[A] creditor does not violate the discharge injunction by proceeding in a lawsuit against a debtor in order to determine liability for the purposes of collecting from a third party…." *In re Patterson*, 297 B.R. 110, 113 (Bankr. E.D. Tenn. 2003).

Although the automatic stay with regard to Thompkins' Chapter 7 case has been terminated by virtue of the Discharge Order and replaced with a permanent injunction, this Court will not render an opinion as to Thompkins' appeal in this case

11

until the Bankruptcy Court issues a decision in the Trustee's adversary proceeding in Case No. 23-004108-lsg regarding the dischargeability of the Judgment. The Court directs the Trustee to advise this Court when a decision has been rendered in that adversary proceeding.

The Court will proceed as to Appellant Ward.

**B. The Bankruptcy Court's Decision is Affirmed as to Appellant Ward**

The Trustee argues that the Court should affirm the Bankruptcy Court's decision as to Appellant Ward because (1) Appellants did not designate a sufficient record to enable this Court to review the decisions of the Bankruptcy Court, and (2) Ward does not have standing to appeal the dismissal of a counterclaim brought by Thompkins. This Court agrees on both counts.

**1. Appellant Ward's First Issue on Appeal Fails Because She Has Not Designated a Sufficient Record on Appeal**

Federal Rule of Bankruptcy Procedure 8009 places on appellants the burden of designating items to be included in the record on appeal. Fed. R. Bankr. P. 8009(a)(1). That Rule further provides that "[t]he record on appeal must include ... a transcript of such parts of the proceedings ... as the appellant considers necessary for the appeal." Fed. R. Bankr. P. 8009(a)(4), (b)(1)(A). This is especially true pursuant to Rule 8009(b)(5) when "the appellant intends to argue on appeal that a

finding or conclusion is unsupported by the evidence or is contrary to the evidence." The purpose of the record designation and submission requirement is to provide the reviewing court with the means to apply the relevant law to the facts of the case. *In re CPDC Inc.*, 221 F.3d 693, 698 (5th Cir. 2000).

Appellants' first issue on appeal is whether "the bankruptcy court finding that the debtor did not sign the deed in front of the notary [is] clearly erroneous without weighing all the evidence." (ECF No. 8, Appellants' Brief, PageID.41.) Thus, because Appellant Ward is arguing that the Bankruptcy Court's finding is "unsupported" or "contrary to the evidence," she "must designate the transcript of any relevant testimony or exhibits as a part of the record on appeal." Fed. R. Bankr. P. 8009.

The only items Appellants have included in the record on appeal are (1) the Judgment dated 9/26/2022; (2) Defendants' Joint Post Trial Brief dated 9/13/2022; and (3) a Quit Claim Deed for 11894 Riad Street, Detroit, MI 48224. (Case No. 21-04114, Doc. 160, Joint Motion Submitted Statement of Issues and Items Pursuant to Bankruptcy Rule 8006.) However, the Bankruptcy Court's September 26, 2022, Judgment was rendered "for the reasons stated on the record," (ECF No. 8, Judgment, PageID.5-6), and thus does not recite or otherwise indicate the specific content of the underlying legal analysis of the Bankruptcy Judge's decision. Despite

13

this, Ward has not included in the record a copy of the transcript from the August 23, 2022, bench trial, the transcript of the Bankruptcy Court's bench opinion, or indeed the transcript from any of the proceedings before the Bankruptcy Court, and thus has failed to include "a transcript of all relevant testimony and copies of all relevant exhibits" as required by Rule 8009(b)(5).

It is not "this Court's responsibility to scour the docket of the Bankruptcy Court to locate all of the documents[.]" *Reynolds v. Maryland*, No. ELH-17-3158, 2018 WL 2088287, at *2 (D. Md. May 4, 2018). The Sixth Circuit Bankruptcy Appellate Panel has recognized that "an appellant's failure to provide a transcript is more critical when the ruling being appealed is oral." *In re Zinni*, 261 B.R. 196, 202 (B.A.P. 6th Cir. 2001) (citing *McGinnis v. Gustafson*, 978 F.2d 1199 (10th Cir. 1992) (failure to include transcript of district court's oral ruling raises effective barrier to informed substantive appellate review)). The Trustee contends in its Brief that "[t]wo of the crucial omissions from the record designated by Appellants are the transcripts of the two evidentiary hearings/trials conducted by the bankruptcy court." (ECF No. 9, Appellee's Brief, PageID.53.) As the Trustee argues, Appellant makes the claim that the Bankruptcy Court's finding that the 2021 Deed was not executed before the notary is clearly erroneous, but she provides no explanation, supported by

14

the record, for that assertion. Ward fails to acknowledge, much less address, this procedural failure in her Reply brief.

Without the transcripts of the Bankruptcy Court's oral rulings, Appellants have no basis to argue on appeal to this Court that the Bankruptcy Court made an unsupported or clearly erroneous finding of fact, and this Court would be left to only speculate regarding the Bankruptcy Judge's reasoning and guess whether any error occurred. *See In re McCarthy*, No. 20-8027, 2021 WL 2456942, at *5 (B.A.P. 6th Cir. June 16, 2021) ("Without a transcript of the hearing and the bankruptcy court's oral ruling, the Panel has nothing before it to support the Debtor's assertion that the bankruptcy court erred and that the sanctions awarded were not adequate."); *see also Lardas v. Grcic*, 847 F.3d 561, 569 n.3 (7th Cir. 2017) ("We cannot entertain claims that factual findings were clearly erroneous when the party claiming error fails to include in the appellate record the evidence we would need to evaluate the claim.") (citing Rule 8009); *Owens v. GMAC Mortg., LLC (In re Owens)*, 517 F. App'x 896, 897 (11th Cir. 2013) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion. When a *pro se* litigant's failure to do so prevents effective review of the trial court's decision, we must affirm.") (quotation omitted).

15

This Court finds that dismissal of Appellant Ward's appeal therefore is appropriate because Appellants fail to disclose or include the factual or legal basis of the Bankruptcy Court's decisions, which were rendered "on the record." Without a transcript of the evidentiary hearings or trial and the Bankruptcy Court's bench opinions, this Court has nothing before it to support Appellant's assertion that the Bankruptcy Court erred. Thus, this Court finds, on this record, that Appellant Ward has not met her burden of persuasion that the Bankruptcy Court erred. *See In re McCarthy*, 2021 WL 2456942, at *5 ("Appellant is the party responsible for presenting a complete record on appeal and will not prevail on any assignment of error which depends on information omitted from the designation.") (citation and quotation marks omitted). As the *In re McCarthy* court recognized, "[t]hese principles, which are crucial to a meaningful appellate process, apply regardless of whether an appellant proceeds with counsel or without." *Id.* (citing *Eglinton v. Loyer (In re G.A.D., Inc.)*, 340 F.3d 331, 335 (6th Cir. 2003) ("The Supreme Court has instructed courts to hold pleadings filed by pro se litigants to a less stringent standard than those filed by lawyers, but has 'never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'") (citations omitted)).

16

Accordingly, based on this record, this Court affirms the Bankruptcy Court's September 26, 2022, Judgment as to Appellant Ward.

**2. This Court similarly finds that the Bankruptcy Court did not err with regard to its rulings on Issues 2, 3 and 4 as to Appellant Ward**

Appellants' Issues 2, 3 and 4 concern Appellant Thompkins' counterclaim against the Trustee. (ECF No. 8, Appellants' Brief, PageID.41.) The Bankruptcy Court dismissed Thompkins' counterclaim with prejudice. (*Id.*, Judgment, PageID.5-6.) However, the reasons for that dismissal were stated on the record, and, as above, Appellants failed to supply a transcript of the ruling by the Bankruptcy Judge, the arguments made at trial, or any statement by the Bankruptcy Judge of the reasons for dismissing the counterclaim with prejudice. Thus, as above, because the record does not provide "the factual and legal basis of the order under review," it cannot support relief in favor of Appellant Ward. *See In re Zinni*, 261 B.R. 196, 202.

Further, this counterclaim was brought by Thompkins only, not Ward, and thus it appears that Ward does not have standing to pursue appeal of these issues, and this Court dismisses her appeal on this basis as well. *See U.S. Dep't of Labor v. Triplett*, 494 U.S. 715, 720 (1990) ("Ordinarily, of course, a litigant must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties. This is generally so even when the same allegedly illegal

17

act that affects the litigant also affects a third party.") (internal quotation marks and citations omitted).

## IV.   CONCLUSION

Because this Court is unable to evaluate the Bankruptcy Court's factual findings without the transcripts evidencing the statements of the Bankruptcy Court's reasons for its decisions, this Court cannot find that the Bankruptcy Court committed clear error, and thus AFFIRMS the Bankruptcy Court's September 26, 2022, Judgment as to Appellant Ward and DISMISSES Appellant Ward's appeal.

Appellant Thompkins' appeal is STAYED until the Bankruptcy Court rules on the Trustee's adversary complaint regarding dischargeability of the Judgment in Thompkins' Chapter 7 case. **Appellee Trustee Douglas S. Ellmann is DIRECTED to advise this Court when a decision has been rendered in that adversary proceeding.**

IT IS SO ORDERED.

                                              s/Paul D. Borman
Dated: May 25, 2023                           Paul D. Borman
                                              United States District Judge